# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY P. GODSHALL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SUPERIOR COURT OF ORANGE COUNTY,<br><br>　　　　　Respondent. | Case No. SA CV 16-34 JFW (MRW)<br><br>**ORDER DISMISSING PREMATURE HABEAS PETITION** |

　　　The Court summarily dismisses this prematurely-filed habeas action.

* * *

　　　Petitioner is a prisoner at the Orange County Jail. He was convicted in 2015 of assault with a deadly weapon. Petitioner contends that he is awaiting sentencing on that conviction. (Docket # 1 at 2.) He has not appealed his criminal conviction to the state appellate or supreme court. In his habeas petition, Petitioner claims that he was unlawfully arrested, improperly held over for trial after a preliminary hearing, and asserts various violations of his rights to access to the courts and to effective assistance of counsel. (Docket # 1, 4.)

Magistrate Judge Wilner preliminarily reviewed the petition. Judge Wilner directed Petitioner to explain why this federal court could properly hear any of his claims at this stage of his criminal case. In his response (Docket # 4), Petitioner broadly referred to the general habeas statute under 28 U.S.C. § 2241 (rather than the specific provisions of AEDPA applicable to convicted state prisoners).

\* \* \*

Pursuant to 28 U.S.C. § 2241, the Court may have jurisdiction to consider a habeas petition brought by a pre-trial or pre-sentence detainee such as Petitioner. However, federal courts generally abstain from interfering with pending state criminal proceedings until the conviction becomes final after the conclusion of a criminal case on appeal. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973) (prisoner seeking pre-conviction habeas relief under Section 2241 must await the outcome of his state proceedings before seeking federal habeas relief absent "special circumstances").

Fundamental principles of "comity and federalism" prohibit federal courts from intervening in ongoing state actions. Younger v. Harris, 401 U.S. 37, 45 (1971). Younger abstention "is appropriate if (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is adequate opportunity in the state proceedings to raise federal questions." Dubinka v. Judges of Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). To that end, federal courts recognize that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986)

Nevertheless, as a narrow exception to this rule, a prisoner may seek pre-conviction habeas relief by demonstrating certain limited, "extraordinary circumstances" that may warrant federal intervention. Brown v. Ahern, 676 F.3d

899, 900 (9th Cir. 2012). The "only exceptions" to the general rule of federal abstention are "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction or where irreparable injury can be shown." Id. at 901 (quoting Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980)).

* * *

Petitioner fails to meet this vigorous standard. Petitioner has not been sentenced yet. He also does not appear to have exercised his right to post-conviction appellate relief in the state court system. Petitioner's claims are of the type that traditionally can be and are raised in such appellate proceedings. Petitioner fails to demonstrate that he lacks the opportunity to raise his constitutional claims on appeal following his conivction. Dubinka, 23 F.3d at 224. Further, Petitioner fails to demonstrate a proven claim of bad faith or extraordinary circumstances by local officials regarding his criminal case. Brown, 676 F.3d at 901. Accordingly, Younger abstention "requires dismissal of a habeas petition that prematurely" raises allegations of constitutional injury.[1] Id. at 903; Braden, 410 U.S. at 489.

* * *

---

[1] In liberally reading Petitioner's pro se filing, the Court could potentially construe Petitioner's access-to-courts claim as a civil rights cause of action under 42 U.S.C. § 1983. Although the Court has discretion to convert a habeas petition into a civil rights complaint, it declines to do so here. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (superceded by statute on other grounds). The petition is too vague in identifying any culpable tortfeasor, and does not adequately set forth all elements of such a claim. Moreover, Petitioner would be liable for a considerably higher filing fee should the Court automatically convert the petition to a civil complaint.

The Court also has no basis to consider Petitioner's claims under AEDPA [28 U.S.C. § 2254]. Petitioner's claims are entirely unexhausted, as he has not presented them yet to the state's highest court before coming to federal court.

3

1 | The current action is premature and must be dismissed pursuant to the
2 | <u>Younger</u> doctrine. Therefore, the Petition is DISMISSED without prejudice.
3 | IT IS SO ORDERED.

Dated: 2/11/16

HON. JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

4